UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA DeMOTT,
o.b.o. M.N.., a Minor,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                            Case No. 1:15 CV 23

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of Social Security that Plaintiff's daughter is not entitled to Supplemental Security Income under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that M.N. is not disabled within the meaning of the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision, and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff's daughter, M.N., was born on June 12, 1998. (Tr. 92). On January 11, 2012, Plaintiff submitted an application for disability benefits, asserting that M.N. has been disabled since September 1, 2005, due to a learning disability, emotional "issues," and developmental delays. (Tr. 92-97, 102). This application was denied, after which time Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (Tr. 54-91). On February 18, 2013, ALJ Paul Jones conducted an administrative hearing at which Plaintiff and M.N. testified. (Tr. 31-53). In a written decision dated March 8, 2013, the ALJ determined that M.N. was not entitled to disability benefits. (Tr. 17-28). The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g).

## ANALYSIS OF THE ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924.

3

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

After noting that M.N. was not engaged in substantial gainful activity, the ALJ proceeded to the second step of the analysis, finding that M.N. suffered from the following severe impairments: (1) learning disorder; and (2) anxiety. (Tr. 20). At the third step of the analysis, the ALJ concluded that M.N.'s impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 20). The ALJ further determined that M.N.'s impairments do not functionally equal in severity any impairment identified in the Listing of Impairments. (Tr. 20-28).

To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)-(b). To be considered disabled the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

4

      (i)      acquiring and using information,
      (ii)     attending and completing tasks,
      (iii)    interacting and relating with others,
      (iv)    moving about and manipulating objects,
      (v)     caring for yourself, and
      (vi)    health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that M.N. experienced no limitation in the domain of moving about and manipulating objects, marked limitation in the domain of acquiring and using information, and less than marked limitation in the other four domains. (Tr. 23-28). Accordingly, the ALJ determined that M.N. was not disabled as defined by the Social Security Act.

## I.       The ALJ Failed to Properly Develop the Record

Plaintiff, who was unrepresented before the ALJ, asserts that she is entitled to relief because the ALJ failed to fully develop the record in this matter. The Court agrees.

While the claimant bears the ultimate burden of establishing that she is entitled to disability benefits, the ALJ has an affirmative duty to develop the factual record upon which his decision rests, regardless of whether or not the claimant is represented. *See*, *e.g.*, *Wright-Hines v. Commissioner of Social Security*, 597 F.3d 392, (6th Cir. 2010) (citation omitted) ("[t]his court has also long recognized an ALJ's obligation to fully develop the record"); *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1051 (6th Cir. 1983) (the ALJ has "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing").

However, where the claimant is unrepresented, is incapable of "presenting an effective case," and is "unfamiliar with hearing procedures," the ALJ has "a special, heightened duty

to develop the record." *Nabours v. Commissioner of Social Security*, 2002 WL 31473794 at *3 (6th Cir., Nov. 4, 2002) (citing *Duncan v. Sec'y of Health and Human Services*, 801 F.2d 847, 856 (6th Cir. 1986) and *Lashley*, 708 F.2d at 1051-52). This heightened duty arises from the remedial nature of the Social Security Act, as well as the recognition that "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley*, 708 F.2d at 1051 (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). To satisfy this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley*, 708 F.2d at 1052 (citations omitted).

Because this assessment is not readily amenable to the application of bright line tests, whether the ALJ has satisfied this special duty is to be determined on a case-by-case basis. *See Osburn*, 1999 WL 503528 at *7 (citation omitted). The absence of a bright line test does not mean, however, that the Court is without guidance when making this assessment. To the contrary, courts have articulated several concerns relevant to this determination.

First, reversal of the ALJ's decision is not warranted simply because an attorney would have better developed the record. Instead, "the key inquiry is whether the administrative law judge fully and fairly developed the record through a conscientious probing of all relevant facts." *Rowden v. Chater*, 1996 WL 294464 at *1 (6th Cir., June 3, 1996). Also, the ALJ is not required, when confronted with an unrepresented claimant, to factually develop matters regarding which he has no notice. *See, e.g., Rowden*, 1996 WL 294464 at *2; *Osburn*, 1999 WL 503528 at *7-8 (6th Cir., July 9, 1999) (a claimant must "support his subjective complaints with objective evidence" before the ALJ can be required to "develop a record" regarding such).

6

Failure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation. *See, e.g., Lashley*, 708 F.2d at 1052 (where the claimant "was only superficially questioned concerning his daily activities and his physical limitations," the ALJ failed to "fulfill his duty to develop *fully* the record"); *Rogers v. Sec'y of Health and Human Services*, 1986 WL 16548 at *3 (6th Cir., Feb. 28, 1986) (where the ALJ "did not even inquire into the claimant's emotional problems, or attempt to more fully understand his physical limitations," he failed to fully develop the record).

The administrative hearing in this matter was conducted on February 18, 2013. As of the date of the hearing, the following exhibits had been submitted to the ALJ: (1) the results of a September 15, 2011 physical examination of M.N.; (2) school records dated September 24, 2008, through June 1, 2012; and (3) the results of a February 29, 2012 psychological evaluation of M.N.. (Tr. 34, 142-211). Despite the fact that the hearing was taking place more than eights months after the most recently dated school record, the ALJ never asked Plaintiff whether there existed more recent school records that could be submitted for his consideration. Likewise, there is no indication that any attempt was made to obtain any such records.

The ALJ did ask Plaintiff the vague question whether there was "anything else in writing for [his] consideration." (Tr. 34). Plaintiff stated that she was awaiting M.N.'s "next report card." (Tr. 34). The ALJ gave no indication that he considered this information relevant or that he would permit Plaintiff to submit the information at a later date. (Tr. 34). Plaintiff then attempted to describe that "there has been a couple of incidents at school," presumably involving M.N., but the ALJ cut Plaintiff off before she could continue. (Tr. 34). By cutting Plaintiff off as he did, the ALJ

7

was unable to discern whether the circumstances Plaintiff was attempting to describe were relevant to his determination. The ALJ's questioning of M.N. was cursory at best. (Tr. 35-46). The transcript of this brief exchange reads more like a friendly family gathering than a serious inquiry into the impairments and limitations a 14 year old girl was experiencing. (Tr. 35-46). The ALJ's very brief questioning of Plaintiff was even less probing and insightful. (Tr. 46-53).

In sum, the ALJ's actions at the administrative hearing are best characterized as perfunctory, cursory, and reflecting little interest in exploring the nature of Plaintiff's impairments or the limitations imposed by such. This is evident in the nature of the ALJ's questions and the fact that the entire hearing was completed in only 26 minutes. (Tr. 33, 53). At the conclusion of the hearing, the ALJ never asked Plaintiff whether she wanted or needed additional time to procure and submit additional evidence. The ALJ likewise failed to inform Plaintiff that the administrative record could be kept open for a period of time following the hearing should Plaintiff wish to submit additional evidence. *See* 20 C.F.R. §§ 404.944, 416.1444. Accordingly, the Court finds that the ALJ failed in his duty to "fully and fairly [develop] the record through a conscientious probing of all relevant facts." The undersigned recommends, therefore, that the Commissioner's decision be reversed and this matter remanded for further factual findings and evaluation.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 15, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge