UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GINA DEMOTT,

       Plaintiff,                               Hon. Janet T. Neff

v.                                                Case No. 1:15-cv-00023

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Application for Attorney Fees Under the Equal Access to Justice Act (EAJA). (ECF No. 27). Plaintiff's counsel seeks $4,480.60 in fees and costs. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant has not asserted that her position was substantially justified.

On January 5, 2016, the Honorable Janet T. Neff vacated the Commissioner's decision and remanded the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). Counsel now moves for an award of attorney's fees pursuant to the EAJA. Specifically, counsel seeks

to recover $4,369.00 in attorneys fees (25.7 hours multiplied by an hourly rate of $170). Defendant does not oppose counsel's request. The Court finds the number of hours expended in this matter, as well as the hourly rate requested, to be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff also seeks to recover postage and computerized research expenses totaling $111.60. These expenses are all properly recoverable under the EAJA. *See, e.g., Grabowski v. Commissioner of Social Security*, 2015 WL 1808475 at *5 (E.D. Mich., Apr. 21, 2015)' *Kane v. Astrue*, 2012 WL 5357781 at *6 (N.D. Ohio, Oct. 31, 2012). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of four thousand, four hundred eighty dollars and sixty cents ($4,480.60). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that any judgment or order entered for EAJA fees be entered in Plaintiff's favor. *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Application for Attorney Fees Under the Equal Access to Justice Act (EAJA)</u>, (ECF No. 27), be **granted** and Plaintiff awarded four thousand, four hundred eighty dollars and sixty cents ($4,480.60) pursuant to the Equal Access to Justice Act.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

Date: October 25, 2016          /s/ Ellen S. Carmody
          ELLEN S. CARMODY
          United States Magistrate Judge